O’Neall J.
delivered the opinion of the Court.
The only question made in this case, is, whether the instructions to the commissioners, to assess the value of the demandant’s dower upon the fee simple value of the premises at the death of the husband, without any regard being had to the outstanding in-cumbrance of the mortgage to Nicholson, are correct.
It is not pretended that if the mortgage were still in the hands of Nicholson, that the demandant would not be compelled to take her dower, subject to it. For the case of Brown v. Duncan, 4 M’C. 346, has placed that matter beyond dispute. It is however, supposed that the fact of the assignment of the bond and mortgage by Nicholson to the defendant, distinguishes this case from the case of Brown v. Duncan.
But I apprehend that this cannot benefit the de-mandant. Her estate and interest must be estimated as they stood at the death of her husband. Her dower was then subject to the incumbrance of the mortgage, and the subsequent assignment of it to her husband’s grantee cannot enlarge her estate. In assessing her dower, it is to be assessed upon the value of the land at her husband’s death ; the value of it then, consisted in its clear value after satisfying the mortgage. The fact that this incumbrance has since passed into the hands of the person who purchased the estate, does not add to, or diminish its previous value. It may be true that his acquisition of the mortgage is a satisfaction of it, yet that is a satisfaction made since the husband’s death and not by his administrator, and cannot enure to the enlargement of his estate in the land. ’
It is true that the defendant could not plead the outstanding incumbrance in bar to the demandant’s dower. For it is only an equity in his favor, and if *202 ^ dower were actually assigned to her by the com.' missioners, his only remedy would be in the Court of Equity, to charge her dower with the payment of one third of the annual interest during the continuance of her estate. But in assessing her dower under the Act of the Legislature, this equity must be taken into consideration. For then, the inquiry is not what is her legal estate in the land, but how much is it worth.— This is to be ascertained by assessing for her, one sixth of the fee simple value, after deducting from it such incumbrances as will affect her dower. For this mode of proceeding destroys her estate, on which the mortgage would otherwise have its lien in equity. In thus ending it, and substituting for it, its money value, the commissioners may rightfully and properly take into consideration the equitable incumbrance. This ascertains and fixes the true value, and there can be no objection to allowing the equity of the defendant to be thus deducted. * The assessment is itself an equitable mode of ascertaining and apportioning to the wife her dower. No pleading is necessary to bring it properly before the Court, it may be done as it was in this case, by giving the mortgage in evidence, and praying the instructions of the Court to the commissioners, or it might be brought to the view of the commissioners, and through their return to the Court.
The case of Botton v. Ballard, 13 M. R. 227, does not militate against the conclusion to which I have come in this case. In that case the mortgage was paid by one of the intermediate grantees, in the life time of the demandant’s husband, and according to a contract with him when he conveyed the land. This was held to have completed the seizen of the husband so as to endow his wife. And if the fafct had been that the mortgage in this case had been paid by the defendants to Nicholson in the life time of the deman-dant’s husband, it is possible that she wouldhave been dowable of the unincumbered fee simple value at her husband’s death. But the fact that it was not paid until after Ms death, makes the distinction between *203 the ease before us and the one cited.' In the cases of Hildrith v. Jones 13 M. R. 525, and Snow v. Stevens, 15 M. R. 279, the mortgages were paid by the respective administrators of the deceased, and the deman-dants were held entitled to their dower, and I think most properly. For the payment by the administrator, was the same as if it had been made by the mortgagor himself. But the payment here cannot be considered as the act of the mortgagor. In the cases referred to from Massachusetts’ Reports, another distinction exists, which ought to be kept in mind. The mortgagor there has only an equity of redemption, here he has a legal estate, and the mortgage is only an incumbrance. There, the struggle was to do that which was just to endow the wife of an equitable estate, and any thing which would turn it into a legal one, was laid hold of to further the principles of justice consistently with the rules of law. Here, there is no difficulty in the way of the wife receiving her dower from any technical rule, and the only object is to keep it within just and proper limits. The demandant’s husband purchased from Nicholson, and mortgaged the land to secure the payment of the purchase money. This was an incumbrance existing at the moment her husband became seized, and of course at the accrual of her inchoate right of dower. She was therefore only endowed subject to the.ineumbrance, which continued to, and after the death, of her husband, and was then paid by the defendant. She is therefore, not injured and deprived of any of her legal rights by being allowed her dower out of the fee simple value of the land at the death of her husband, after deducting the amount then due on the mortgage.'
The motion to reverse the circuit decision, is granted so far as it conflicts with this opinion, and the commissioners are instructed, that if they should assess a sum in lieu of doWer, to ascertain the fee simple value of the land at the death of the demandant’s husband, and from it deduct the amount then due on the *204 mortgage to Nicholson, and to assess one sixth of the balance thus ascertained, as the value of the deman-dunt s dowei.
Bunkin, for the motion,
Pepoon, contra.
Johnsow & Harper Js. concurred.